**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

KRISTEN FREEL,
Personal Representative of
Estate of James E. Freel,

Case No. 24-12345
Hon. Jonathan J.C. Grey

Plaintiff,

v.

COUNTY OF MONROE, *et al.*,

Defendants.
_______________________________/

**ORDER GRANTING DEFENDANT COUNTY OF MONROE'S MOTION TO DISMISS (ECF No. 51) AND DENYING DEFENDANT OFFICERS' PARTIAL MOTION TO DISMISS (ECF No. 52)**

## I. INTRODUCTION

This action stems from the death of James Edward Freel ("Decedent") at the Monroe County Jail, where he displayed multiple, obvious signs of medical distress that the defendants ignored. Plaintiff Mikel Kristen Freel brings this suit on behalf of Decedent as the personal representative of his estate. (ECF 50, PageID.580.)

Defendant County of Monroe (the "County") moves to dismiss Freel's *Monell* claims pursuant to Federal Rule of Civil Procedure

12(b)(6). (ECF No. 51.) Defendants Charles Galloway, James McGarry, Justin Costlow, Noah Kettinger, Justus Schaffer, Jason Watterson, Jason Blomgren, David Gurganus, and Brian Robar (collectively, "Defendant Officers") move to dismiss Freel's gross negligence claim pursuant to Rule 12(b)(6). (ECF No. 52.)

Both motions are fully briefed. (ECF Nos. 51, 52, 59, 60, 63, 64.) The Court finds that oral argument will not aid in its disposition of the motion; therefore, it dispenses with oral argument. E.D. Mich. L.R. 7.1(f). For the following reasons, the Court **GRANTS** the County's motion to dismiss (ECF No. 51) and **DENIES** Defendant Officers' partial motion to dismiss (ECF No. 52).

## II. BACKGROUND

The Court detailed the factual background in its August 29, 2025 order granting in part and denying in part the County's and Defendant Officers' motions to dismiss. (ECF No. 49.) The Court incorporates it herein by reference.

In its previous ruling, the Court: (1) dismissed without prejudice *Monell* and gross negligence claims against the County; (2) dismissed without prejudice gross negligence claims against Defendant Officers in

their individual capacities; and (3) dismissed with prejudice deliberate indifference and gross negligence claims against Defendant Officers in their official capacities. (*Id.*) The remaining claims were: (1) deliberate indifference claims against Defendant Officers in their individual capacities and (2) medical malpractice, general negligence, gross negligence, and deliberate indifference claims against Advanced Correctional Healthcare, Inc. ("ACH") and its employees Dr. Daryl Parker, Alysia Tola, Racheal Michaud, and Alexiss Conte (collectively, "ACH Employees"). (*Id.*)

On September 30, 2025, Freel amended her complaint. (ECF No. 50.) The amended complaint is largely identical to the first one with some exceptions: (1) reiteration of Decedent's symptoms previously described in the complaint and allegations of the County's inadequate policies, lack of supervision and training, and ratification of unconstitutional acts in Count II (*Monell* claims) (*Id.* at ¶¶ 97–99, 101); (2) removal of the County as a defendant in Count III (gross negligence claim); (3) reiteration of Decedent's symptoms previously described in the complaint in Count III (*Id.* at ¶ 110); and (4) identification of Defendant Officers who were the

most proximate cause of Decedent's injuries in Count III (*Id.* at ¶¶ 111–12).

The County and Defendant Officers subsequently filed renewed motions to dismiss. (ECF Nos. 51, 52.)

## III. LEGAL STANDARD

The Court may grant a motion to dismiss under Rule 12(b)(6) if the complaint fails to allege facts sufficient to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007)). When assessing a motion to dismiss under Rule 12(b)(6), the Court must give the plaintiff the benefit of the doubt and must accept all the complaint's factual allegations as true. *Keys v. Humana, Inc.*, 684 F.3d 605, 608 (6th Cir. 2012).

But the Court will not presume the truth of any legal conclusions stated in the complaint. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). If the pleaded facts do not raise a right to relief, the Court must grant the motion to dismiss. *Winnett v. Caterpillar*, *Inc.*, 553 F.3d 1000, 1005 (6th Cir. 2009).

## IV. ANALYSIS

### A. *Monell* Claims Against the County

To successfully plead her *Monell* claim, Freel must "demonstrate that, through its deliberate conduct, the [County] was the 'moving force' behind the injury alleged." *Alman v. Reed*, 703 F.3d 887, 903 (6th Cir. 2013) (internal quotation marks omitted) (quoting *Bryan Cnty. Bd. of Comm'rs v. Brown*, 520 U.S. 397, 404(1997)). Freel must show "that the [County] had a 'policy or custom' that caused the violation of [Decedent's] rights. *Wright v. City of Euclid*, 962 F.3d 852, 880 (6th Cir. 2020) (quoting *Monell*, *v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978)).

A plaintiff can show that the County had a policy or custom that supports a *Monell* claim in four ways: (1) the existence of an illegal official policy or legislative enactment; (2) actions taken by officials with final decision-making authority; (3) a policy of inadequate training or supervision; or (4) a custom of tolerance or acquiescence of federal rights violations. *Jackson v. City of Cleveland*, 925 F.3d 793, 828 (6th Cir. 2019) (quoting *Burgess v. Fischer*, 735 F.3d 462, 478 (6th Cir. 2013)). Freel brings her *Monell claim* under the first, third, and fourth theories. (ECF No. 50 at ¶ 93–104.)

### 1. Official Policy

The County renews its argument that Freel's official policy claim should be dismissed because she failed to identify any policies that she contends are unconstitutional. (ECF No. 51, PageID.663.) The Court agrees.

"[T]o satisfy the Monell requirements a plaintiff must identify the policy, connect the policy to the [municipality] itself and show that the particular injury was incurred because of the execution of that policy." *Jackson*, 925 F.3d at 829 (internal quotation marks and citation omitted). Here, Freel alleges that the County lacks "appropriate policies and procedures . . . when a medical emergency is observed" but still does not specify which County policy caused Decedent's injuries. (ECF No. 50 at ¶ 97.)

Freel argues that her pleadings are sufficient and that she should be permitted discovery regarding County policies. (ECF No. 59, PageID.879.) A plaintiff, however, cannot allege municipal liability "hoping that discovery will reveal facts to support the claim." *Curney v. City of Highland Park*, No. 11-12083, 2012 WL 1079473, at *5 (E.D. Mich. Mar. 30, 2012); *see also Holliday v. Wells Fargo Bank, NA*, 569 F. App'x

366, 372 (6th Cir. 2014) (stating that parties cannot use discovery to obtain facts they need to support their claims after filing suit). The Court accordingly finds that Freel cannot support her official policy claim.

### 2. Failure to Train or Supervise

The County argues that Freel still fails to adequately plead facts supporting a failure to train or supervise claim. (ECF No. 51, PageID.665–66.) The Court agrees.

To succeed on a failure to train or supervise claim, Freel must prove that the: (1) training or supervision was inadequate for the tasks performed; (2) inadequacy was the result of the County's deliberate indifference; and (3) inadequacy was closely related to or actually caused the injury. *Ouza v. City of Dearborn Heights*, 969 F.3d 265, 286–87 (6th Cir. 2020) (internal quotation marks and citation omitted). To show that deliberate indifference caused the inadequate training or supervision, Freel must either show that the County: (1) failed to act despite prior instances of officers' unconstitutional conduct, or (2) failed to train officers when the need for training "[was] so obvious, and the inadequacy so likely to result in the violation of constitutional rights, that the

policymakers . . . can reasonably be said to have been deliberately indifferent to the need." *Id.* at 287.

Freel broadly alleges that Decedent's injuries demonstrate that the County inadequately trained and supervised its officers. (ECF No. 50 at ¶ 98.) She also states that the County failed to train its officers in use of its audio/visual system and how to properly execute its policies on detainee wellbeing. (*Id.* at ¶¶ 95(g), (h), (i), (j), (k).) Freel's argument does not connect her allegations to the requirements of a failure to train or supervise claim. She does not identify any prior constitutional violations or make allegations giving rise to a plausible inference that the need for training to avoid Decedent's injuries was so obvious that failure to provide such training amounted to deliberate indifference. More specifically, Freel does not plead any facts relating to the officers' training (other than finding alleging it is inadequate), provide facts on what the County's training policies were, or allege why they were inadequate.

Even if inadequate training were attributable to the County's indifference, Freel has not shown that the inadequate training was the actual cause of Decedent's injuries. It is unclear from Freel's complaint whether the officers' alleged shortcomings "may have resulted from

factors other than a faulty training program." *City of Canton, Ohio v. Harris*, 489 U.S. 378, 390–91 (1989) (citation omitted).

Freel therefore does not plead a cognizable failure to train or supervise claim.

### 3. Custom of Tolerance

For a custom-of-tolerance claim to survive a motion to dismiss, a plaintiff must "demonstrate[ ] a pattern of inadequate investigation of similar claims . . . ." *Burgess v. Fischer*, 735 F.3d 462, 478 (6th Cir. 2013) (citation omitted). Freel has not done so.

As discussed, Freel fails to identify any prior similar constitutional violations. Her complaint remains conclusory, alleging only that the County "failed to fully investigate" or discipline its officers who do not abide by its policies. (ECF No. 50 at ¶¶ 95(l), (m).) She argues that the County's "customs, policies, and established practices" caused Decedent's injuries but provides no factual allegations to support that claim. (ECF No. 59, PageID.882.) Freel's custom-of-tolerance claim fails as well.

### 4. Conclusion

For the reasons stated above, the Court **GRANTS** the County's motion to dismiss.

**B. Gross Negligence Claim Against Defendant Officers**

Although there is no independent cause of action for gross negligence, it is clear to the Court that Freel's complaint "bring[s] a negligence claim against [Defendant Officers] and [further] argu[es] that [Defendant Officers'] conduct was so grossly negligent that [they are] not entitled to state-law immunity." *Bennett v. Winn*, No. 17-cv-12249, 2020 WL 4013307, at *9 n.6 (E.D. Mich. July 16, 2020). Under the Governmental Tort Liability Act, government employees are immune from tort liability "when that employee performs a governmental function within the scope of his authority and when his 'conduct does not amount to gross negligence that is the proximate cause of the injury or damage.'" *Kerchen v. Univ. of Mich.*, 100 F.4th 751, 766 (6th Cir. 2024) (quoting Mich. Comp. Laws § 691.1407(2)(c)). "Gross negligence" refers to "conduct so reckless as to demonstrate a substantial lack of concern for whether an injury results." Mich. Comp. Laws § 691.1407(2)(c). For a finding of gross negligence, "[i]t is as though, if an objective observer watched the actor, he could conclude, reasonably, that the actor simply did not care about the safety or welfare of those in his charge." *Reilly v.*

*Vadlamudi*, 680 F.3d 617, 627 (6th Cir. 2012) (citation and quotations omitted).

The parties do not dispute that Defendant Officers were acting within the scope of their employment at the time of Decedent's injuries. Defendant Officers argue that Freel cannot show they were grossly negligent because her allegations ignored ACH Employees' intervening actions and are not unique to each defendant. (ECF No. 52, PageID.715–18.) First, Defendant Officers conflate gross negligence and proximate cause; ACH's and ACH Employees' roles have no bearing on whether Defendant Officers were grossly negligent or not. Second, Freel alleges that throughout the duration of Decedent's jail stay until his death on April 19, 2022, each Defendant Officer observed Decedent's deteriorating health and took no action. (ECF No. 50 at ¶¶ 70, 73.) If a plaintiff sufficiently pleads deliberate indifference, the plaintiff has sufficiently pleaded gross negligence. *See Reilly*, 680 F.3d at 627. As the Court found in its August 29, 2025 order, the pleadings satisfied the deliberate indifference inquiry for each Defendant Officer. (ECF No. 49, PageID.566–68.)

Freel thus sufficiently pleads that the Defendant Officers were grossly negligent. She alleges that each Defendant Officer was aware Decedent had head and abdominal pain and observed Decedent vomit, become incoherent, develop head redness and swelling, not eat, thrash, groan, and yell, yet repeatedly denied him medical care. (ECF No. 50 at ¶¶ 44, 59–60, 68, 110.)

To determine whether Defendant Officials' gross negligence was the proximate cause of Decedent's injuries, the Court must first evaluate the conduct and legal responsibility of all parties, which concerns whether the injury was a foreseeable consequence of a person's actions. *Ray v. Swager*, 501 Mich. 52, 72, 903 N.W.2d 366, 376 (2017). Next, the Court must "jointly consider the actions of those legally responsible to determine whose conduct was the 'one most immediate, efficient, and direct cause' of any injury." *In re Flint Water Cases*, 384 F. Supp. 3d 802, 853 (E.D. Mich. 2019) (citations omitted).

Freel alleges that Defendant Officers were the "most immediate, efficient, and direct cause of" Decedent's injuries because they grossly breached their duty to provide him medical care. (ECF No. 50 at ¶¶ 107, 108, 111.) She further states that Defendant Officers ignored Decedent's

signs of continuous medical distress and other inmates' complaints about Decedent's pain. (*Id.* at ¶¶ 58–60, 68, 78–80, 110.) Defendant Officers contend that Freel alleges no facts indicating that Defendant Officials were the proximate cause of Decedent's injuries; instead, they point to ACH Employees as having the greatest degree of involvement. (ECF No. 52, PageID.719.)

Accepting Freel's allegations as true, Decedent's injuries were reasonably foreseeable in light of his medical distress and Defendant Officers' failure to monitor Decedent and provide him with timely access to medical care. Even if Defendant Officers are ultimately right that ACH Employees are the proximate cause, it is not possible to decipher proximate cause at the motion-to-dismiss stage without further development of the record. *Krawczyk v. Twp. of Hagar*, 673 F. App'x 508, 513 (6th Cir. 2016) ("But whether [the plaintiff] clears Michigan's high causal bar is an issue of fact currently disputed by the parties and deserving of at least some discovery.") Freel's pleadings suffice to show proximate cause at this stage of the proceedings. Her negligence claim against Defendant Officers in their individual capacities may proceed.

Therefore, the Court **DENIES** Defendant Officers' partial motion to dismiss.

### C. Freel's Request to Amend

In the last sentence of her response to the County's motion, Freel requests that the Court allow her to amend her complaint again if the County's motion is granted. (ECF No. 59, PageID.883.) The Court denies this request.

Because Freel has not filed a motion to amend her complaint or a proposed amended complaint, dismissal with prejudice is appropriate. *CNH Am. LLC v. Int'l Union, United Auto., Aerospace & Agric. Implement Workers of Am. (UAW)*, 645 F.3d 785, 795 (6th Cir. 2011) (holding that "if a party does not file a motion to amend or a proposed amended complaint, it is not an abuse of discretion for the district court to dismiss the claims with prejudice"); *see also* E.D. Mich LR 15.1 (requiring parties to submit a proposed amended complaint with their motion to amend pleadings). A request for leave to amend "almost as an aside[ ] to the district court in a memorandum in opposition to the defendant's motion to dismiss is . . . not a motion to amend." *Begala v. PNC Bank, Ohio, Nat'l Ass'n*, 214 F.3d 776, 784 (6th Cir. 2000).

Additionally, Freel does not illustrate how a second amended complaint would save her claims.

Accordingly, the Court denies Freel's request to amend and **DISMISSES WITH PREJUDICE** the *Monell* claims against the County.

## V. CONCLUSION

For the reasons stated above, **IT IS ORDERED** that the County's motion to dismiss (ECF No. 51) is **GRANTED** and Defendant Officers' partial motion to dismiss (ECF No. 52) is **DENIED**.

**IT IS FURTHER ORDERED** that the County is **DISMISSED WITH PREJUDICE** from this action.

**IT IS FURTHER ORDERED** that Freel's request to amend her complaint is **DENIED**.

**SO ORDERED.**

**s/Jonathan J.C. Grey**
Jonathan J.C. Grey
United States District Judge

Date: September 25, 2026

## Certificate of Service

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First-Class U.S. mail addresses disclosed on the Notice of Electronic Filing on September 25, 2026.

s/ **S. Osorio**
Sandra Osorio
Case Manager